■ ATTILIO GIARRUSSO, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 3325, 37677.) — Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: Claimant was awarded $58,500 for the permanent appropriation of some four and one-half acres of land and consequential damage to the remaining property. The entire tract of some 114 acres in the Town of Salina was purchased by claimant in 1953 for $35,000. The *de facto* appropriation occurred in May, 1954. Claimant's principal expert placed a value on the land before taking of $535,301 and an after value of $358,776 for a total damage of $176,525. The witness attributed $44,710 of this amount for specific land taken and $131,815 for consequential damage. A large portion of the total acreage was low, swampy land. Claimant's expert testified that to make the land usable 32.20 acres required 7½ feet of fill, 44.81 acres needed 4 feet of fill, 10 acres required no fill and 25 acres were unusable because the cost of fill would exceed their potential value after filling. In fixing consequential damage the expert valued the property at the price it would bring as filled property and deducted the cost of the fill. It may be inferred from the proof that the accomplishment of such a massive filling job, if done

by any normal method, could only take place years or decades in the future. The testimony upon this subject was sheer speculation and an unsound method of computing damage that may not be adopted (cf. *Hewitt* v. *State of New York*, 18 A D 2d 1128). The expert witness for the State on the other hand fixed claimant's damages as follows: 114 acres (before appropriation and sales) at $500 per acre, $57,000; 109.638 acres (after appropriation and sales) at $450 per acre, $49,300; total damage, $7,700. In the present state of the record this testimony might be accepted and the award reduced to such amount. This is so because claimant has failed to present any proof from which an intelligent appraisement of his damage, direct or consequential, may be computed. We are prevented, however, from so reducing the award because the State's expert failed to assess in dollars any damage as to two items that the trial court correctly held were compensable. Claimant asserted loss of access to certain streets abutting upon his lands. The trial court correctly held that damages resulting merely from circuity of access were *damnum absque injuria*. (*Selig* v. *State of New York*, 10 N Y 2d 34, 39; *Nettleton Co.* v. *State of New York*, 11 A D 2d 899; *National Biscuit Co.* v. *State of New York*, 14 A D 2d 729, affd. 11 N Y 2d 743.) It was further correctly held that insofar as the actual taking of claimant's property deprived him of complete access to other streets consequential damages were recoverable. We are prevented from fixing the amount of any such damage by the absence of any proof on the subject. The second element of damage as to which there is a dearth of proof is the finding of the trial court that prior to the construction of the expressway surface waters had flowed in a northerly direction toward Seventh North Street. The State, as a part of the improvement, constructed culverts under the highway and caused surface waters flowing therethrough to be discharged directly on claimant's unappropriated lands. This was compensable but, as stated, there is no proof from which we may fix the amount of the damage. (Cross appeals from judgment of the Court of Claims for claimant on a claim for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.